UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 3: 11-12-DCR |
| | ) | Civil Action No. 3: 12-7233-DCR-HAI |
| V. | ) | |
| | ) | |
| KAREN MARIE VANMETER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

On August 19, 2011, Defendant Karen Marie VanMeter entered a guilty plea to an Information, charging her a violation of 18 U.S.C. § 501. [*See* Record Nos. 3, 4, 5, and 7.] More specifically, VanMeter admitted that she forged and counterfeited postage meter stamp labels in connection with her business during the period January 2010 through June 2011. She further admitted that, as a result of her actions, the United States Postal Service ("USPS") incurred a loss of $180,000. [Record No. 17] The Plea Agreement tendered at the time of this defendant's plea further detailed the offense. [*Id.*] During the hearing held on August 19, 2011, VanMeter averred that she had reviewed the plea agreement, understood its contents, and had discussed it with her attorney. Additionally, VanMeter confirmed in response to the Court's questions that she was satisfied with the representation provided by her attorney.

VanMeter was sentenced on December 13, 2011, to a term of incarceration of twenty-one months, followed by a term of supervised release of three years. [Record No. 16] Additionally, she was ordered to pay restitution to the USPS and perform 200 hours of community service.

On August 15, 2012, VanMeter submitted a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Record No. 21][1] In relevant part, she claims that she received ineffective assistance of counsel in the course of the criminal action.

The United States has requested that the Court enter an order finding that VanMeter has waived her attorney-client privilege with respect to the specific matters raised in her habeas motion. [Record No. 27] The government contends that, to effectively address the claims, it should be allowed to contact her former counsel. It concedes, however, that the information it may solicit should be limited to only issues raised in the § 2255 motion alleging ineffective assistance of counsel. In support, the United States cites a number of cases in which courts have held that a habeas petitioner claiming ineffective assistance of counsel impliedly waives his or her attorney-client privilege with respect to communications with the attorney that are necessary to disprove the claim. *See United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1548 (2010); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)*; Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); and *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

As the United States Court of Appeals for the Sixth Circuit recognized in *Lott*, *supra*, at 453, the attorney-client privilege may be waived, either expressly or implication, in several ways. And waiver may occur in a habeas case where the defendant places at issue the subject

---

[1] Following initial screening, United States Magistrate Judge Hanly Ingram directed VanMeter to file a corrected motion, signed under penalty of perjury. VanMeter's amended motion was filed on August 24, 2012. [Record Nos. 22, 23]

matter of a privileged communication which forces the government to address the privileged matter to defeat a claim of ineffectiveness.

Here, waiver has occurred as a result of VanMeter's assertion that her former attorney provided ineffective assistance in connection with her criminal action. More specifically, VanMeter alleges that her attorney: (i) was operating under a conflict of interest; (ii) wrongly insisted that she plead guilty without reviewing all relevant evidence; and (iii) incorrectly advised her that she would not serve any jail time. Although at least one of these claims is contradicted by VanMeter's sworn statements during her guilty plea, it will be necessary for the United States to obtain information from VanMeter's former attorney to effectively address the defendant's other claims of ineffective assistance.

Accordingly, it is hereby

**ORDERED** that the United States' Motion for Order Finding Waiver of Attorney-Client Privilege [Record No. 27] is **GRANTED**. The Court finds that, by alleging ineffective assistance of counsel, Defendant Karen Marie VanMeter has waived her attorney-client privilege with respect to issues raised in her § 2255 motion. The United States may contact VanMeter's former attorney strictly for the purpose of obtaining only that information which is necessary to respond to VanMeter's ineffective assistance of counsel claims.

This 18th day of September, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge